# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCILLE JEFFERSON | CIVIL ACTION |
| VERSUS | NO: 18-4641 |
| NICHOLLS STATE UNIVERSITY | SECTION: "H" |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 8). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Lucille Jefferson filed this action in the 17th Judicial District Court for the Parish of Lafouche, alleging that she was injured when she tripped and fell on a sidewalk at Defendant Nicholls State University. Her initial complaint alleges that Defendant is at fault for her injuries because it failed, among other things, to post appropriate warning signage, maintain an adequate maintenance policy, and train and supervise employees in inspection of the grounds. Plaintiff later gave Defendant notice of her intent to amend her complaint to add an allegation that the sidewalk was not in compliance

with the Americans with Disabilities Act (ADA) guidelines and that this contributed to Plaintiff's fall. There are no allegations that Plaintiff is disabled and no request that the sidewalk be remediated to comply with the ADA.

Upon receipt of Plaintiff's supplemental and amended pleading and even before it was filed in state court, Defendant removed the matter to this Court on the basis of federal question jurisdiction. Plaintiff subsequently filed the instant Motion to Remand, alleging that Defendants' removal was premature and that this Court lacks subject matter jurisdiction. Because this Court ultimately finds that it lacks subject matter jurisdiction, it need not address Plaintiff's other arguments.[1]

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[4]

---

[1] In addition, because this Court holds that it lacks jurisdiction, it also does not address Defendant's argument that the Motion to Remand was untimely. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

[2] 28 U.S.C. § 1441.

[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[4] *Manguno*, 276 F.3d at 723.

## LAW AND ANALYSIS

Jurisdiction in this matter is alleged under 28 U.S.C. § 1331. Section 1331 provides that district courts shall have subject matter jurisdiction over a civil action which arises under the laws of the United States. The well-pleaded complaint rule governs the existence of federal question jurisdiction.[5] Pursuant to this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[6] A federal question is present when "there appears on the face of the complaint some substantial, disputed question of federal law."[7]

Here, it is clear from her petition that Plaintiff intends to bring a state law claim of negligence for her injuries in the slip and fall. The petition does not state a claim under the ADA—and indeed she admits that she is not disabled—but rather raises violations of the ADA as evidence of Defendant's negligence. Claims relying on state law may be removed only when the plaintiff's claim "necessarily raise[s] a state federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[8] Courts are instructed to consider whether: "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial."[9]

---

[5] Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).
[6] Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).
[7] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995).
[8] Olivier Plantation, LLC v. St. Bernard Par., 744 F. Supp. 2d 575, 584 (E.D. La. 2010).
[9] Howery v. Allstate Ins. Co., 243 F.3d 912, 917 (5th Cir. 2001).

Here, Plaintiff's allegations fail to raise a substantial or necessary federal issue. A finding that the sidewalk at issue violated the ADA is not a necessary element of recovery. Indeed, Plaintiff alleges various other negligent acts upon which Defendant could be found liable.[10] "As an alternate theory supporting a single claim, the federal question is not a necessary element of the state claim, and thus does not create federal question jurisdiction."[11] Further, even a decision regarding whether the condition of the sidewalk violated federal law would necessarily require a second decision—whether that violation was negligent under state law.[12] Accordingly, the "state law issues overwhelm the federal law issues."[13] Plaintiff's petition fails to present a federal issue sufficient to give this Court jurisdiction under § 1331.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is GRANTED, and this matter is REMANDED to state court.

New Orleans, Louisiana this 1st day of November, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *See* Moncure v. Olympus Am., Inc., 290 F. Supp. 2d 726, 729 (S.D. Miss. 2003).
[11] *Howery*, 243 F.3d at 918.
[12] In re Vioxx Prod. Liab. Litig., 843 F. Supp. 2d 654, 669 (E.D. La. 2012) ("[E]ven if Kentucky did attempt to prove that Merck failed to comply with FDA disclosure regulations, that federal question would be resolved in the context of whether that conduct constituted a violation of Kentucky law; thus, it is hardly a substantial question of federal law.").
[13] *Howery*, 243 F.3d at 918.